■ In the Matter of PEOPLE OF STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of the State of New York, Respondent, v PHARMACIA CORPORATION, Appellant. (Proceeding No. 1.) In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of the State of New York, Respondent, v AVENTIS PHARMACEUTICALS, INC., Appellant. (Proceeding No. 2.) [835 NYS2d 486]—

Rose, J. Appeals from an order of the Supreme Court (Mc-

Carthy, J.), entered July 24, 2006 in Albany County, which, in two proceedings pursuant to Executive Law § 63 (12), inter alia, denied respondents' cross motions to compel discovery.

Petitioner commenced these proceedings to recover overpayments of reimbursements made by the New York State Medicaid and EPIC programs to participating pharmacies for the cost of certain drugs. Drug reimbursements under these programs were calculated from the "average wholesale price" listed in reports published by prescription drug price reporting services and based upon information provided by drug manufacturers (see Social Services Law·former § 367-a [9] [b]; Executive Law former § 547-j [1] [b]). Alleging that respondents intentionally provided inflated prices to the reporting services, petitioner asserts violations of General Business Law § 349, which prohibits deceptive commercial practices, and Executive Law § 63 (12), which prohibits repeated fraudulent acts in carrying on a business. To aid their defense against these claims, respondents demanded production of information and documents from various state agencies and elected officials which purportedly will show that the state was aware that the reported prices do not reflect the actual prices paid by the pharmacies. When respondents sought to compel compliance with their discovery demand, Supreme Court denied their motion because it found that the requested materials were irrelevant to what the Legislature had meant by the term "average wholesale price" in the reimbursement statutes. Respondents appeal.

Supreme Court is vested with broad discretion to control disclosure and we will not disturb its determination unless a clear abuse is shown (see Czarnecki v Welch, 23 AD3d 914, 915 [2005]; Fox v Fox, 309 AD2d 1056, 1057-1058 [2003]). While CPLR article 31 mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]), the party seeking disclosure must demonstrate how the requested materials are relevant to issues in the matter (see e.g. Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 [1968]; Vyas v Campbell, 4 AD3d 417, 418 [2004]). We are not persuaded that respondents have done so here.

Respondents concede that the prices they provided to the reporting services were not average prices actually paid by the pharmacies, but rather they were list wholesale prices before discounts. They maintain, however, that they did not represent the reported prices to be the prices actually paid, and the affected state agencies and officials knew this. However, regardless of what officials may have known, the causes of action against respondents ultimately depend upon petitioner's ability

to prove that the Legislature intended the "average wholesale price" to be based upon prices actually paid and that respondents were required to provide those prices rather than list prices to the reporting services. Because petitioner's claims do not depend upon an allegation that agencies or officials were deceived, but rather that respondents intentionally inflated the reported prices in order to manipulate and deceive the mandated statutory reimbursement formulae, any evidence that agencies or officials were aware of respondents' failure to provide prices actually paid would be neither necessary nor material to their defense. It is, among other things, the statutory mandate that reimburse nents be calculated based upon reported prices, regardless of what agencies or officials may have known about those prices, that makes the holding in *State of New York v Rachmani Corp.* (71 NY2d 718 [1988]) inapplicable here.

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.